Taliaferro, J.
The heirs'of the widow de Santegeme alleging themselves to bo creditors of the decedent, have appealed from the judgment of the Second District Court, homologating the second provisional account of the testamentary executor filed in that court, on the second of September, 1874. These appellants complain, that this judgment of homologatiou was rendered without legal notice having-been given of tbe filing of the executor’s account; that the items of the account are unsupported by any evidence; that the appellants are creditors of the decedent, Celestine Dorville, in the sum of $11,087, exclusive of interest and costs; a part of this indebtedness, viz: $4100, is secured by mortgage, tbe remainder being ordinary claims; that to enforce these claims they had instituted two suits, which were pending in the Second District Court at the time of the homologation of the account on the twenty-first September, 1874; that in March previous, the executor bad acknowledged tbe indebtedness of the succession to the heirs of de Santegeme, on a mortgage note, amounting at *132 that date, to $6732, principal and interest, and filed a petition íor a sale of part of the property of the estate, to raise means for paying this debt. It appears, that the executor has not, in his provisional account of the second of September, 1871, made provision for paying any thin g to these appellants, or in any manner recognized their claims. They allege they are aggr:eved by the order homologating the executor’s account, and ask relief from this court. The objections urged against the notice of filing the account, we do not regard as having much weight. An inspection of the record shows that there is no note of evidence, and we find there was no evidence introduced to sustain the various items, amounting to $678 50, grouped in the account as “amount privilege claims paid.” This case, in some material points, resembles that of the succession of Ross, 21 An. 511. In that case, as in this, no oppositions were filed and no evidence presented in support of the account. We held in that case that under article 1042 of theCodeof Practice, the evidence in support of the claims should have been taken in writing and annexed to the record. We think the ends of justice require that we should remand this case.
It is therefore ordered, that the judgment appealed from be annulled and set aside. It is further ordered, that this case be remanded to the court of the first instance for further proceedings according to law. The costs of this appeal to be borne by the succession.